

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JJD:PGS
F. #2015R00067

*610 Federal Plaza*
*Central Islip, New York 11722*

September 10, 2015

By Hand and ECF

The Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Chevelle Nesbeth
> Criminal Docket No. 15-018 (FB)

Dear Judge Block:

The government respectfully submits this letter in anticipation of the defendant's sentencing scheduled for September 11, 2015, at 4:00 p.m. For the reasons stated below, the government respectfully requests that the Court impose a sentence within the applicable United States Sentencing Guidelines (the "Guidelines") range of 33 to 41 months' imprisonment.

## I.   Background

On January 6, 2015, at John F. Kennedy International Airport ("JFK"), a Customs and Border Protection ("CBP") officer arrested the defendant after a search of the defendant's two suitcases revealed over 600 grams of cocaine hidden in the extendable pull-handles of both suitcases. See Presentence Investigation Report ("PSR") at ¶ 5. The defendant had entered the United States from Montego Bay, Jamaica. Id.

The defendant was indicted by a Grand Jury in this District on two counts: knowingly and intentionally importing a controlled substance into the United States in violation of 21 U.S.C §§ 952(a), 960(a)(1), and 960(b)(3), and knowingly and intentionally possessing with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On June 17, 2015, the defendant was found guilty by jury trial of both counts. Id. at ¶ 1.

II.     Guidelines Calculation

        Based on the foregoing, the government sets forth the following Guidelines calculation:

| | |
|---|---|
| Base Offense Level (§§ 2D1.1(a)(5) and 2D1.1(c)(8)) | 24 |
| Less:    Minimal Role (§ 3B1.2(a)) | -4 |
| Total: | <u>20</u> |

        The defendant's total offense level is 20 and her criminal history category is I.

III.    Section 3553(a) Factors

        We recognize that, pursuant to the United States Supreme Court's decisions in United States v. Booker, Kimbrough v. United States and Gall v. United States, the Guidelines are advisory rather than mandatory, and the sentencing court has the authority to fashion a reasonable and appropriate sentence in a given case.  Under Booker, the sentencing court must consider the Guidelines in formulating an appropriate sentence, along with all the factors in 18 U.S.C. § 3553, which include the nature and circumstances of the crime, the history and characteristics of the defendant, the appropriate Sentencing Guidelines range and the purposes of sentencing, such as just punishment, promoting respect for the law, deterrence, protecting the public and rehabilitation.  See 18 U.S.C. §§ 3553(a)(2)(A)-(D).

        Interpreting the Supreme Court's decision in United States v. Booker, the Second Circuit has held that "sentencing judges remain under a duty with respect to the Guidelines . . . to 'consider' them, along with the other factors listed in section 3553(a)." United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005); see 18 U.S.C. § 3553(a).  In Gall v. United States, 128 S. Ct. 586, 596 (2007), the Supreme Court explained the proper procedure and order of consideration for sentencing courts to follow: "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." 128 S. Ct. at 596 (citation omitted).  Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, the court may not presume that the Guidelines range is reasonable.  Instead, the court must make an individualized assessment based on the facts presented." Id. at 596-97 (citation and footnote omitted).

        The "starting point and the initial benchmark" in this case, a Guidelines sentence of 33 to 41 months, is appropriate and reasonable because it accurately reflects the seriousness of the defendant's conduct in importing more than 600 grams of cocaine into the United States.  See 18 U.S.C. § 3553(a)(1), (a)(2)(A).  The defendant's young age and lack of criminal history do not, on their own, remove this case from the heartland of drug importation cases.  A sentence within the Guidelines range is necessary to deter her from

committing the same offense in the future, as well as to deter others contemplating similar acts. See 18 U.S.C. § 3553(a)(2)(B).  The Guidelines calculation results in a sentencing range that is sufficient, but not greater than necessary, to achieve Section 3553(a)'s purposes.

IV.    Conclusion

        For the foregoing reasons, the government respectfully requests that the Court impose a sentence that is sufficient, but not greater than necessary to achieve the goals of sentencing, see 18 U.SC. § 3553(a)(2), which, in this case, is within the applicable Guidelines range of 33 to 41 months in custody.

Respectfully submitted,

KELLY T. CURRIE
Acting United States Attorney

By:        /s/ Paul G. Scotti
        Paul G. Scotti
        Assistant U.S. Attorney
        (631) 715-7836

cc:    Amanda David, Esq. (by ECF)
       Steven S. Guttman, U.S. Probation Officer (by Email)